UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT CLUB MANAGEMENT CORP.,

                    Plaintiff,

v.

MATTHEW LAURINEC,

                    Defendant.

_____/

Civil Action No. 25-cv-10236

Matthew F. Leitman
United States District Judge

David R. Grand
United States Magistrate Judge

**ORDER GRANTING ATTORNEY SCHULZ'S MOTION TO QUASH
SUBPOENA AND FOR PROTECTIVE ORDER (ECF No. 34), GRANTING
IN PART PLAINTIFF'S MOTION TO COMPEL IDENTIFICATION AND
FORENSIC INSPECTION OF DEFENDANT'S DEVICES (ECF No. 23),
HOLDING IN ABEYANCE DEFENDANT'S MOTION TO COMPEL
FORENSIC INPECTION OF PLAINTIFF'S COMPUTER SYSTEMS
(ECF No. 42), AND EXTENDING DISPOSITIVE MOTION DEADLINE**

In this case, plaintiff Detroit Club Management Corp ("Detroit Club") contends that

one of its former employees, Matthew Laurinec ("Laurinec"), unlawfully accessed its

server and e-mail system after his termination, and then stole and disseminated its

"confidential, proprietary and sensitive business information," in violation of the Computer

Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. §

2701, *et seq.* (ECF No. 1, PageID.6-16). Detroit Club also contends that Laurinec's

alleged conduct gives rise to a slew of state law claims, including conversion, tortious

interference, and breach of an employment agreement. (*Id.*, PageID.16-23).

Presently before the Court are three motions: (1) non-party attorney Jack W.

Schulz's ("Schulz") "Emergency Motion to Quash Subpoena for Video Deposition [], for

1

Protective Order, and for Sanctions against Plaintiff Detroit Club" (ECF No. 34); (2) Detroit Club's "Motion to Compel Identification and Forensic Inspection of Defendant's Electronically Stored Information" (ECF No. 23); and (3) Laurinec's "Motion to Compel Identification and Forensic Inspection of [] Detroit Club's Computer Systems" (ECF No. 42). On March 23, 2026, the Court held a hearing on the motions. For the detailed reasons stated on the record, the Court resolves the motions as follows:

### *Attorney Schulz's Motion (ECF No. 34)*

Attorney Schulz's motion **(ECF No. 34)** is **GRANTED** and his deposition will not be permitted, however the Court declines to award sanctions against Detroit Club.

### *Detroit Club's Motion (ECF No. 23)*

Detroit Club's Motion **(ECF No. 23)** is **GRANTED IN PART**; by **April 6, 2026**, Laurinec shall identify any electronic device he "used in commission of each Unauthorized Access and transmission" as alleged in the complaint, and if he contends he did not engage in any such conduct and thus has no such devices to identify, he shall identify the principal cell phone, laptop, and tablet he used, generally, during the relevant period – from the start of his employment with Detroit Club on October 3, 2022, until February 28, 2024. If Laurinec is still in possession of any such devices, he shall provide them to Detroit Club's forensic examiner for review pursuant to an agreed-upon Protective Order and Forensic Inspection Protocol (*e.g.*, ECF Nos. 23-10, 23-11), provided that any such forensic inspection shall be limited to the period between October 3, 2022, and February 28, 2024.

### *Laurinec's Motion (ECF No. 42)*

Laurinec's Motion to Compel Identification and Forensic Inspection of [] Detroit

Club's Computer System" **(ECF No. 42)** is **HELD IN ABEYANCE**.

*Settlement Discussions, Telephonic Status Conference, and Extension of Dispositive Motion Deadline*

As the Court explained at the hearing, this is an opportune time for the parties to engage in settlement discussions, and Laurinec's counsel indicated that Laurinec has made proposals to Detroit Club to which it has not yet responded. Accordingly, the parties shall engage in good faith settlement discussions, and the Court will hold a **telephonic status conference** on **April 8, 2026, at 3:30 p.m.**, to discuss the parties' progress towards a resolution. Finally, the Court notes that dispositive motions are due by April 6, 2026. (ECF No. 45). Despite the January 8, 2026 docket entry indicating that "NO FURTHER EXTENSIONS WILL BE GRANTED," Judge Leitman has approved extending the dispositive motion deadline to **April 27, 2026**.

**IT IS SO ORDERED.**

Dated: March 30, 2026

s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this Order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

s/Julie Owens
JULIE OWEN
Case Manager

4